UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brian McGurty,                                                     Civil No. 12cv892 (JRT/SER)

      Plaintiff,

v.                                                                 **REPORT AND RECOMMENDATION**

Steven Hiebert,
John Doe,
Mr. Langer,
Mr. Grey,
City of Maplewood,
Ryan M. Zipf, and
John B. Van De North, Jr.,

      Defendants.

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff Brian McGurty's ("McGurty") application for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1).  [Doc. No. 2.]  The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court recommends that McGurty's IFP application be denied, and this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   BACKGROUND**

McGurty's current lawsuit stems from a traffic stop that occurred on April 10, 2010. McGurty alleges Defendant Steven Hiebert ("Hiebert"), who is alleged to be a police officer for the City of Maplewood, Minnesota pulled him over.  Hiebert allegedly accused McGurty of speeding, and asked him some questions.  McGurty refused to answer Hiebert's questions, and Hiebert then began "brandishing a firearm," and called for "backup."  McGurty alleges that other police officers joined Hiebert, including Defendants John Doe ("Doe"), Mr. Langer

("Langer"), and Mr. Grey ("Grey").  McGurty claims the officers began "assaulting, maliciously searching and arresting Plaintiff without proper justification."  (Complaint, [Doc. No. 1], p. 4, ¶ 19.)

McGurty's complaint indicates that he was later convicted of speeding, and paid a fine of $138.00.  (*Id*., p. 13, ¶s 92-93.)  McGurty attributes his conviction to "false testimony coerced by Defendants."  (*Id*., ¶ 92.)

Sometime after McGurty was stopped for speeding, he tried to sue Hiebert in Ramsey County District Court, Minnesota.  (*Id*., p. 4, ¶s 22-24.)  In that action, one of his co-defendants in the present action, Ryan M. Zipf ("Zipf") represented Hiebert.

The current case involves allegations that Zipf "created and assisted Officer Hiebert in the production of false statements of facts in the form of pleadings and affidavits."  (*Id*., ¶ 24.)  Also, McGurty is presently attempting to sue the judge who presided over his state court lawsuit, Defendant John B. Van De North, Jr. ("Van De North.")  McGurty claims that Van De North:

> (i) furthered the intimidation and harassment of Plaintiff, denied Plaintiff in his right to a fair trial, redress of grievance, and just compensation for damages, by mis/malfeasance and abuse of discretion by acts, and/or actors, against a *pro se* litigant, at state trial;
>
> (ii) allowed for Attorney Zipf to intimidate the plaintiff by permitting the threat of sanctions to stand against Plaintiff, if Plaintiff were to file an appeal; and
>
> (iii) purposefully misapplied the law to the facts denying Plaintiff his right to Amend the complaint and granting summary judgment in favor of the defense.

(*Id*., ¶s 25-27.)  Further, the current action alleges that the dismissal of McGurty's civil lawsuit, violated McGurty's constitutional right "to be free from wrongful conviction, and imprisonment."  (*Id*., at ¶ 73.)

McGurty relies upon 42 U.S.C. § 1983 in this case.  McGurty claims that the various

2

named Defendants violated his federal constitutional rights during the course of his apprehension for speeding in April 2010, and during the course of his ensuing state court action against Hiebert. He is seeking a judgment that would, *inter alia*, award him "restitution from Defendants for his wrongful conviction for the charges of speeding and 138$ [sic] and in triplicate." (*Id.*, ¶ 93.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

In this case, McGurty has failed to state a cause of action, because his claims are barred by the principles discussed in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court re-affirmed the longstanding rule that prohibits an individual from challenging a state criminal conviction in a federal civil rights action. According to *Heck* –

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., [a civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... **[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.**

*Id.* at 486-87 (footnote omitted; emphasis added).

According to *Heck*, habeas corpus is the exclusive means by which a person convicted of a state criminal offense can challenge the validity of his conviction in federal court. Even when

3

a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." *Heck*, 512 U.S. at 483. *See also Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) ("*Heck* requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release").

Here, a judgment in McGurty's favor necessarily implies that the speeding conviction cited in his complaint was invalid. McGurty claims that Defendants repeatedly violated his constitutional rights during the course of the events that culminated in his conviction, and he repeatedly avers that Defendants' allegedly unconstitutional acts and omissions caused him to be "wrongfully convicted." Furthermore, he alleges Defendants' alleged misdeeds during his previous civil action in state court precluded him from obtaining judicial relief from his allegedly wrongful conviction. It is therefore clear that if McGurty's current claims were to be vindicated in his present lawsuit, his state criminal conviction could not remain valid. Even though McGurty is not specifically asking the federal court to vacate his speeding conviction, a judgment in his favor here would necessarily cast doubt on the legal validity of that conviction. *Heck* bars McGurty's current lawsuit. *See Gautreaux v. Sanders*, 395 Fed.Appx. 311, 312 (8th Cir. 2010) (unpublished opinion) (*Heck* barred civil rights claims based on allegations of an invalid arrest warrant and alteration of records used to secure claimant's criminal conviction); *Williams v. Schario*, 93 F.3d 527, 529 (8th Cir.1996) (*per curiam*) (*Heck* barred claims of false testimony and malicious prosecution, which, if vindicated, would have implied that claimant's criminal conviction was invalid); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*per curiam*) (*Heck* barred claims that police officers lacked probable cause for arrest and brought

unfounded criminal charges).

*Heck* is most commonly applied in civil rights cases brought by state prison inmates, who are seeking a judgment that would undermine the validity of their confinement. Federal courts, however, have also applied *Heck* in civil rights actions stemming from speeding convictions. *See Austin v. City of Tuskegee, AL*, 335 Fed.Appx. 856, 856, 857 (11th Cir. 2009) (unpublished opinion) (§ 1983 action predicated on plaintiff's "allegedly illegitimate traffic stop and conviction for driving 55 mph in a 45 mph zone" was barred by *Heck*, because a judgment in plaintiff's favor "would necessarily imply the invalidity of his conviction for speeding"); *Darick v. Johnson*, 55 Fed.Appx. 867 (9th Cir. 2003) (unpublished opinion) ("district court was required to dismiss" plaintiff's § 1983 action "against all the defendants because a judgment in his favor would necessarily imply the invalidity of his convictions for speeding, and [plaintiff] did not demonstrate that the convictions had been invalidated") (citing *Heck*); *Shea v. State of Ohio*, No. 96-3458 (6th Cir. 1997), 1997 WL 144228 (unpublished opinion) at * 1 (§ 1983 action was properly dismissed pursuant to Heck, because the relief sought by plaintiff "necessarily calls into question the validity of his conviction" for speeding).

Under *Heck*, the present action is premature. McGurty cannot maintain a civil rights action seeking damages for the alleged deprivation of his constitutional rights related to his state speeding conviction, without first securing a court order specifically invalidating the conviction itself.[1] In other words, McGurty must successfully challenge his speeding conviction in an appropriate forum and manner, before he can seek a civil judgment based on any allegedly

---

[1] Any common law tort claim for "malicious prosecution" is also premature. See Heck, 512 U.S. at 484 ("[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused").

unconstitutional actions that precipitated and/or perpetuated the validity of his conviction. Because McGurty's speeding conviction has not yet been invalidated, his current complaint fails to state a cause of action on which relief can be granted.

As noted above, habeas corpus is the exclusive federal court remedy for challenging the validity of a state court conviction. The Court has considered whether McGurty's current pleading could somehow be construed to be a habeas corpus petition and entertained as such. Because McGurty has not shown that he has exhausted his state court remedies construing McGurty's complaint as a petition for habeas corpus is not possible. State court convictions are not subject to federal habeas corpus review, unless all of a petitioner's challenges to the conviction have been fairly presented to, and decided by, the highest available state court. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999). *See also McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). McGurty has not shown, much less alleged, that he has exhausted his state court remedies and therefore, his current complaint cannot be treated as a habeas petition.

Finally, this case must be dismissed **without prejudice** so that McGurty will still be able to pursue his present civil rights claims if his state speeding conviction is ever overturned. *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). McGurty's current civil rights claims will become ripe, and the statute of limitations for bringing those claims will begin to run, only when the conviction at issue is vacated. *See Heck*, 512 U.S. at 489-90 ("Under our analysis the statute of limitations poses no difficulty..., since the § 1983 claim has not yet arisen. Just as a cause of

action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor,... so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

In sum, based on *Heck*, the Court concludes that McGurty has failed to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed without prejudice, and that McGurty's IFP application be denied, pursuant to § 1915(e)(2)(B)(ii).[2]

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. McGurty's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §

---

[2] Because all of McGurty's claims for relief are inextricably tied to his speeding conviction, all of his claims are *Heck*-barred. It should be noted, however, that McGurty's current lawsuit suffers from at least two other critical flaws that could be fatal to some or all of his claims, if he is ever able to renew his lawsuit after getting his conviction vacated. First, Plaintiff appears to be asking this court to review and overturn a judgment entered against him in his state court civil lawsuit. Such relief, however, is clearly barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments"). Even if McGurty is not specifically seeking to overturn the state court judgment in his civil case, that judgment would appear to support a *res judicata* defense against some or all of his current claims. The Court also bans McGurty from suing Judge Fan De North under the doctrine of judicial immunity. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges are immune from civil lawsuits based on alleged misconduct while performing judicial functions).

1915(e)(2)(B)(ii).

Dated: May 24, 2012                                     *s/Steven E. Rau*
                                                        Steven E. Rau
                                                        U.S. Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 8, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.